IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RICHARD BAY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S REQUEST FOR A BILL OF PARTICULARS<br><br><br>Case No. 2:10-CR-112 TS |

This matter is before the Court on Defendant's Motion for a Bill of Particulars. For the reasons discussed below, the Court will deny the Motion.

This case has a history. Defendant was first indicted by the government for violating 18 U.S.C. § 922(g)(1), based on the same incident and facts of this case, on February 11, 2009.[1] As part of that case the government provided a bill of particulars stating that Defendant possessed and transported a firearm on January 21, 2009, and continued to posses the firearm at his

---

[1]*United States v. Bay*, No. 2:09-CR-83 (D. Utah filed Feb. 11, 2009).

1

residence until January 22, 2009.² Additionally as part of discovery in the previous case, the government also provided specific time and location information by police reports, in addition to an ATF firearms trace/report showing the firearm was manufactured in Prescott, Arizona.³

The previous case was dismissed without prejudice based on Speedy Trial Act violations on February 9, 2010. The government filed the indictment in this case on February 17, 2010.

The indictment in the first case against Defendant stated:

On or about January 22, 2009, in the Central Division of the District of Utah, Michael Richard Bay, Defendant herein, having been convicted of a crime punishable by imprisonment for more than one (1) years, did knowingly possess in and affecting interstate commerce a firearm, to wit: a Ruger Model P89 handgun; all in violation of 18 U.S.C. § 922(g)(1).

The indictment in this case states:

On or about January 20, 2009 through on or about January 22, 2009, in the Central Division of the District of Utah, Michael Richard Bay, Defendant herein, having been convicted of a crime punishable by imprisonment for more than one(1) year, did knowingly possess in and affecting interstate commerce a firearm, to wit: a Ruger Model P89 handgun; all in violation of 18 U.S.C. § 922 (g)(1).

As evidenced above the only difference between the two indictments is a slight expansion of the dates "on or about" when the violation occurred.

The purpose of a bill of particulars is "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense."⁴

---

²*Id*. Docket No. 36.

³Government's Response to Motion for Bill of Particulars, Docket No. 12 at 5.

⁴*United States v. Dunn*, 841 F,2d 1026, 1029 (10th Cir. 1988).

Defendant argues that a bill of particulars is necessary to adequately prepare for trial. Particularly, Defendant argues that because the time frame has increased by a day, the Bill of Particulars filed in his initial case is insufficient to put him on notice of the charges against him. To that end, Defendant requests particularized information for: 1) the specific place that Defendant allegedly possessed a firearm; 2) the specific time Defendant allegedly possessed a firearm; and 3) how Defendant's alleged firearm possession affected interstate commerce.

The Court finds Defendant has already received particularized information in regards to all three inquiries. The government's Bill of Particulars in the initial case included specific dates, January 21-22, 2009 of the alleged possession as well as the particular place of alleged possession, Defendant's residence, located in the Central District of Utah. Additionally, as previously discussed the government has already provided Defendant with an ATF report tracing the gun through interstate commerce.

The Court does not find the expansion of the time frame for the violation between the initial and current indictment leaves Defendant lacking such particularized information to adequately prepare a defense. Further, because possession is a course of conduct, the government's lack of exact specificity in the indictment regarding the date of the violation through use of the phrase "on or about" does not expose Defendant to multiple charges of possession, nor does it render the indictment inadequate.[5]

Based on the above, it is hereby

---

[5] *See United States v. Windle*, 74 F.3d 997, 1000-01 (10th Cir. 1996); *United States v. Rogers*, 41 F.3d 25 (1st Cir. 1994).

ORDERED that Defendant's Motion for a Bill of Particulars (Docket No. 8) is DENIED. It is further

ORDERED that the time between the date this motion was filed, and date of this Order is excluded from Speedy Trial time according to 18 U.S.C. § 3161(h)(1)(D) and § 3161(h)(1)(H).

DATED   June 24, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge