

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RICHARD BAY,<br><br>Defendant. | TRIAL ORDER<br><br>Criminal No. 2:10-CR-00112-TS |

The final pretrial conference in this matter is scheduled for Tuesday, August 17, 2010, at 2:00 p.m.

This case is set for a 3-day trial to begin on Tuesday, August 24, 2010, at 8:30 a.m. **The attorneys are expected to appear in court at 8:00 a.m. on the first day of trial for a brief pre-trial meeting.**

Counsel are instructed as follows:

## 1. Court-Imposed Deadlines.

The deadlines described in this order cannot be modified or waived in any way by a stipulation of the parties. Any party that believes an extension of time is necessary **must** make an appropriate motion to the court.

## 2. Jury Instructions

The court has adopted its own standard general jury instructions, copies of which may be obtained from the court's website. The procedure for submitting proposed jury instructions is as follows:

(a) The parties must serve their proposed jury instructions on each other **at least ten business days before trial**. The parties should then confer in order to agree on a single set of instructions to the extent possible.

(b) If the parties cannot agree upon one complete set of final instructions, they may submit separately those instructions that are not agreed upon. However, it is not enough for the parties to merely agree upon the general instructions and then each submit their own set of substantive instructions. The court expects the parties to meet, confer, and agree upon the wording of the substantive instructions for the case.

(c) The joint proposed instructions (along with the proposed instructions upon which the parties have been unable to agree) must be filed with the court **at least five business days before trial**. All proposed jury instructions must be in the following format:

(i) An original and one copy of each instruction, labeled and numbered at the top center of the page to identify the party submitting the instruction (e.g., "Joint Instruction No. 1" or "Plaintiff's Instruction No. 1"), and including citation to the authority that forms the basis for it.

(ii) Email a copy of the proposed instructions to utdecf_stewart@utd.uscourts.gov as a Word or WordPerfect document. Include the case number in the subject line. Any party unable to comply with this requirement must contact the court to make alternative arrangements.

(d) Each party should file its objections, if any, to jury instructions proposed by any other party **no later than two business days before trial**. Any such objections must recite the proposed instruction in its entirety and specifically highlight the objectionable language contained therein. The objection should contain both a concise argument why the proposed language is improper and citation to relevant legal authority. Where applicable, the objecting party **must** submit, in conformity with paragraph 2(c)(i) - (ii) above, an alternative instruction covering the pertinent subject matter or principle of law. Any party may, if it chooses, submit a brief written reply in support of its proposed instructions **on the day of trial**.

(e) All instructions should be short, concise, understandable, and <u>neutral</u> statements of law. Argumentative instructions are improper and will not be given.

        (f)     Modified versions of statutory or other form jury instructions (e.g., Federal Jury Practice and Instructions) are acceptable. A modified jury instruction must, however, identify the exact nature of the modification made to the form instruction and cite the court to authority, if any, supporting such a modification.

### 3. Verdict Forms

The procedure outlined for proposed jury instructions will also apply to verdict forms.

### 4. Requests for Voir Dire Examination of the Venire

The parties may request that, in addition to its usual questions, the court ask additional specific questions to the jury panel. The court's standard voir dire questions are available from the court's website. Any such request should be submitted in writing to the court and served upon opposing counsel **at least five business days before trial**.

### 5. Motions in Limine

All motions in limine are to be filed with the court **at least five business days before trial**, unless otherwise ordered by the court. Each such motion shall specifically identify the relief sought, and shall be accompanied by a memorandum of law and a proposed order. No brief in support of, or in opposition to, such motion shall be longer than three (3) pages in length.

### 6. Trial Briefs

Each party should file its Trial Brief, if any, no later than five business days before trial.

### 7. Exhibit Lists/Marking Exhibits

All parties are required to prepare an exhibit list for the court's use at trial. The list contained in the pretrial order will not be sufficient; a separate list must be prepared. Plaintiffs should list their exhibits by number; defendants should list their exhibits by letter. Standard forms for exhibit lists are available from the court's website, and questions regarding the preparation of these lists may be directed to the courtroom deputy, Sandy Malley, at 524-6617. All parties are required to pre-mark their exhibits to avoid taking up court time during trial for such purposes.

In addition, all parties are required to submit copies of their exhibits on a CD or a DVD for the court's use during trial.

3

## 8. Witness Lists

All parties are required to submit separate witness list for the court's use at trial. The form is available from the court's website.

## 9. Courtroom Conduct

In addition to the rules outlined in the local rules, the court has established the following ground rules for the conduct of counsel at trial:

(a) Please be on time for each court session. In most cases, trial will be conducted from 8:30 a.m. until 1:30 p.m., with two fifteen minute breaks. Trial engagements take precedence over any other business. If you have matters in other courtrooms, arrange in advance to have them continued or have an associate handle them for you.

(b) Stand as court is opened, recessed or adjourned.

(c) Stand when the jury enters or retires from the courtroom.

(d) Stand when addressing, or being addressed by, the court.

(e) In making objections and responding to objections to evidence, counsel should state the legal grounds for their objections with reference to the specific rule of evidence upon which they rely. For example, "Objection . . . irrelevant and inadmissible under Rule 402." or "Objection . . . hearsay and inadmissible under Rule 802."

(f) Sidebar conferences are discouraged and will not be allowed except in **extraordinary** circumstances. Most matters requiring argument should be raised during recess. Please plan accordingly.

(g) Counsel need not ask permission to approach a witness in order to **briefly** hand the witness a document or exhibit.

(h) Address all remarks to the court, not to opposing counsel, and do not make disparaging or acrimonious remarks toward opposing counsel or witnesses. Counsel shall instruct all persons at counsel table that gestures, facial expressions, audible comments, or any other manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

    (i) Refer to all persons, including witnesses, other counsel, and parties, by their surnames and not by their first or given names.

    (j) Only one attorney for each party shall examine, or cross-examine, each witness. The attorney stating objections during direct examination shall be the attorney recognized for cross examination.

    (k) Offers of, or requests for, a stipulation shall be made out of the hearing of the jury.

    (l) When not taking testimony, counsel will remain seated at counsel table throughout the trial unless it is necessary to move to see a witness. Absent an emergency, do not leave the courtroom while court is in session. If you must leave the courtroom, you do not need to ask the court's permission. Do not confer with or visit with anyone in the spectator section while court is in session. Messages may be delivered to counsel table provided they are delivered with no distraction or disruption in the proceedings.

## 10. Courtroom Technology

If counsel wish to use the courtroom evidence system, they should contact the courtroom deputy **at least five business days before trial** at (801) 524-6617 to schedule an appointment to become familiar with the technology to be used during trial. Trial counsel and support staff are expected to familiarize themselves with the system, and arrange any additional technological needs.

DATED this 13th day of July, 2010.

            BY THE COURT:

            TED STEWART
            United States District Judge

5