IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　Plaintiff,<br><br>vs.<br><br>MICHAEL RICHARD BAY<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION FOR JOINT REPRESENTATION<br><br>Case No. 10-CR-112 TS |

　　This matter is before the Court on Defendant's Motion to Dismiss the Indictment and Defendant's Motion for Joint Representation. An evidentiary hearing was held before the Court on July 19, 2010. For the reasons discussed below, the Court will deny the Motion to Dismiss and grant the Motion for Joint Representation.

　　This case was originally filed on February 11, 2009, and was dismissed without prejudice for Speedy Trial Act violations on February 9, 2010. The government subsequently filed a new Indictment against Defendant on February 17, 2010.

1

The allegation stems from a domestic incident.[1] Defendant had begun to move out of the home he shared with his then-wife Ms. Bay. As a precautionary measure, Defendant called police officers to help defuse any problems. While the officers were at the home it was discovered that a weapon had allegedly been in Defendant's possession and that he was a restricted person at the time of the alleged violation. He was arrested. Ms. Bay made statements to the police officers on the date of Defendant's initial arrest, which directly conflict with statements she later made under oath in a state court proceeding.[2]

**A. Motion to Dismiss**

Defendant argues dismissal is appropriate because the testimony of a key witness, Ms. Bay, has been irreparably damaged by conduct of the government. In the alternative, Defendant asks for a curative jury instruction regarding the government's substantial interference.

Defendant basis his argument on a few interactions over a two to three day period between Officer Havranek, who was working on behalf of the government, and Ms. Bay, Defendant's either soon to be or current ex-wife.[3] Officer Havranek first contacted Ms. Bay on May 27, 2010.[4] This initial phone call was made on behalf of Drew Yeates, the Assistant United States Attorney prosecuting this case, in response to a message that Ms. Bay had left for Mr. Yeates. Ms. Bay originally had called Mr. Yeates regarding her firearm that the government

---

[1] For a full recitation of the facts *see*, *United States v. Michael Richard Bay*, 2:09-CR-83 TS, Docket No. 48 (D. Utah June 30, 2009).

[2] Evid. Hearing, July 19, 2010, Tr. 57:5-59:-7,64:4-65:17.

[3] *Id*. at 65:22-24.

[4] Tr. 6:19.

in its possession.[5] However, Ms. Bay did not become aware that Officer Havranek was responding to the message Ms. Bay left Mr. Yeates on his behalf until Officer Havranek visited Ms. Bay in her office after at least two phone conversations.[6] The substance of the interactions between Officer Havranek and Ms. Bay were focused on Ms. Bay's alleged lying and covering for "Mike," the safety of her children, and other personal details related to the case.[7] Officer Havranek met with Ms. Bay alone and did not record or take notes during their meeting.

"The right of a defendant to establish a defense by presenting his own witnesses is a fundamental element of due process."[8] "Substantial governmental interference with a defense witness's decision to testify violates a defendant's due process rights."[9] "To make a showing that the government has infringed on this right, the defendant must show that the government's conduct interfered substantially with a witness's free and unhampered choice to testify."[10] "A defendant claiming denial of due process through government intimidation of defense witnesses must establish, as a threshold matter, that the government's action worked to deprive him of a witness who would have testified on his behalf."[11] "A defendant alleging such interference is

---

[5] *Id.*

[6] *Id.* at 27:1-6.

[7] *See* Tr. *generally.*

[8] *United States v. Crawford*, 707 F.2d 447, 449 (10th Cir. 1983).

[9] *Id.*

[10] *United States v. Thompson*, 130 F.3d 676, 686 (5th Cir. 1997),

[11] *United States v. Stewart*, 820 F.2d 370, 375-76 (11th Cir. 1987).

3

required to demonstrate misconduct by a preponderance of the evidence."[12]

Defendant alleges that the real purpose behind the phone calls and the meeting was to interview Ms. Bay about the case. Defendant also asserts Officer Havranek's repeated warnings to Ms. Bay to tell the truth, and to stop lying and covering for Mr. Bay, scared and intimated her to the point that she has retained an attorney to represent her. The government counters that they are entitled to interview a witness prior to trial and are also permitted to warn a witness of potential perjury when there is a substantial basis on the record for believing the witness is lying.[13]

Although Officer Havranek might have made some comments that exceeded the bounds required for her official duties in her interactions with Ms. Bay, the Court does not find any conduct rising to the level of "substantial interference" with Ms. Bay's free and unhampered choice to testify. As the facts show, Ms. Bay has told two different versions of the story regarding Defendant's weapons possession. One at the time Defendant was arrested for the underlying offense, and another under oath in state court. Further, her statement in state court also conflicts with Defendant's statements at the scene.[14] Additionally, Officer Havranek had knowledge that Ms. Bay had previously told police that she had covered for Defendant before.[15] Therefore, the Court finds Officer Havranek had a substantial basis on the record for informing

---

[12]*United States v. Vavages*, 151 F.3d 1185, 1188 (9th Cir. 1998).

[13]*Id*. at 1190.

[14]09-CR-83, Docket No. 48.

[15]Tr. 99:22-24.

4

Ms. Bay about the risk of perjury.

The Court finds that the government's action in this case did not deprive Defendant of Ms. Bay's testimony. In his memorandum in support of both this Motion and another motion related to Defendant's representation, Defendant insinuates that Ms. Bay might not testify.[16] As the government points out, the fact that Ms. Bay might choose not to testify is solely a future possibility. There is no evidence before the Court at this time that she will not testify. If at some future time it becomes apparent to the Court that Ms. Bay has chosen not to testify, the Court may readdress the substantial interference and prejudicial effect Officer Havranek's conduct might have had on Defendant's ability to present a defense.

In the alternative, Defendant also requests a curative jury instruction. The Court finds that such a determination is premature at this time. Defense counsel is free to submit to the Court a proposed jury instruction, but the Court will not rule on its inclusion until trial, after it is able to determine whether such an instruction is necessary.

**B. DUCrimR 44-2**

DUCrimR 44-2 states in pertinent part:

(a) Except as provided below, an attorney may not represent more than one defendant or target in the same criminal matter, nor may an attorney represent a defendant or target in a criminal matter if the attorney has represented or is representing individuals who are potential government witnesses in the same matter.

(b) The court will deny joint representation where a conflict exists, even if consented to by a defendant, target, or potential government witness, *if such*

---

[16]Docket No. 37 at 9, Docket No.38 at 7.

*representation would be contrary to the interest of justice in the case.*[17]

The rule goes on to state that when the government becomes aware of a potential conflict it must promptly notify defendant's counsel of the potential conflict.[18]

At the evidentiary hearing it was revealed that Ms. Booth, Defendant's attorney in this matter, represents Defendant and Ms. Bay in a separate civil action against the state for injuries he suffered while incarcerated. On July 27, 2010, Ms. Booth received an email from the government indicating, for what Ms. Booth states was the first time, that Ms. Bay is a potential government witness.[19] The email indicated the government's belief that Rule 44-2 was implicated. Ms. Booth filed a notice of the potential conflict along with a Motion for Permission for Joint Representation on August 4, 2010.

Ms. Booth first argues that Ms. Bay is not a potential government witness because the government seeks Ms. Bay's statement, made to the police on the day of Defendant's arrest, that she wanted her gun back from Defendant's cabin, and this statement is both inadmissible hearsay and was later disavowed by sworn testimony of Ms. Bay in a state court proceeding. Ms. Booth also argues that the government has not provided Defendant with a witness list indicating that Ms. Bay is a potential witness. Regardless, the government has communicated both to the Court via its Response in this matter and to Defendant in one way or another that Ms. Bay is a potential government witness and the Court will treat her as such.

Ms. Booth goes on to assert that she does not believe a conflict exists, and that she feels confident she would be able to effectively cross examine Ms. Bay. However, Ms. Booth then lays out a variety of circumstances under which there would be a non-waivable conflict of interest. Among those conflict causing situations are the possibility of Ms. Bay invoking her Fifth Amendment right, Ms. Bay not appearing at trial to testify at all, or Ms. Bay testifying inconsistently with her prior sworn testimony. In its response the government merely re-stated

---

[17] DUCrimR 44-2 (emphasis added).

[18] *Id.* at (b).

[19] Docket No. 38 at 2.

the rule and its position that Ms. Bay is a potential witness. The government failed to provide the Court with any argument, guidance or interpretations of the rule.

Although the rule appears to be drafted quite narrowly, the part of the rule directing a court's behavior centers around the interests of justice. The Court finds that Ms. Booth's withdrawal on the eve of trial would be highly prejudicial to Defendant and "contrary to the interests of justice," especially considering this case's lengthy history. Therefore, it will allow Ms. Booth to continue her representation of Defendant. Additionally, as already discussed, at this point in time each of the alternative circumstances as laid out by Ms. Booth are mere possibilities. There is nothing before the Court indicating that Ms. Bay intends to assert her fifth amendment rights, or will refuse to testify.

As already indicated by Defendant Ms. Bay has retained separate counsel to represent her in this matter. If, Ms. Bay is no longer represented in connection with this case, the Court will appoint counsel for her for the duration of this case.

## C. Conclusion

Based on the above, it is hereby

ORDERED that Defendant's Motion to Dismiss (Docket No. 22) is DENIED. It is further

ORDERED that Defendant's Motion for Joint Representation (Docket No. 38) is GRANTED as outlined above.

DATED   August 16, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge